UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHANIE HARRIS,<br><br>    Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>    Defendant. | CASE NO.   C04-5483RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 2, 2005 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court remand the Administration's final decision for further consideration.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Stephanie Harris, filed initial application applications for Disability Insurance Benefits and Supplemental Security Income payments on December 6, 1999 alleging a disability onset date of December 31, 1992. The applications were denied April 11, 2000 (Tr. 16). She did not request reconsideration, but instead filed new applications on November 9, 2001 alleging a disability onset date of July 25, 2000 (Tr. 17, 57). Those applications were denied initially and on reconsideration (Tr. 16). On May 19, 2003, after a hearing held before him, Joseph D. Schloss issued a decision finding Plaintiff not disabled (Tr. 13-27).

Plaintiff timely requested Appeals Council review of the ALJ's decision. By Action of the Appeals Council on Request for Review, dated June 18, 2004, the Appeals Council denied Plaintiff's request for review (Tr. 6-8). The action caused the ALJ decision May 19, 2003 to become a final decision of the agency.

Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for disability insurance benefits.  In her opening brief plaintiff specifically argued: (A) the ALJ failed to fully develop the record when he (i) refused to allow plaintiff to testify regarding her, (ii) refused to accept evidence, and (iii) inappropriately conducted an adversarial hearing; and (B) the ALJ erred when he did not consider Ms. Harris's chronic pack pain a severe impairment.

> In response to plaintiff's opening brief, defendant conceded judgment.  Defendant explained:
> In the course of preparing her defense, the Commissioner concluded that the current record does not contain sufficient evidence to find Plaintiff disabled; that additional vocational expert testimony is necessary; and that the Administrative Law Judge's (ALJ's) decision contains legal errors that must be addressed before it can be determined whether or not Plaintiff is disabled. Specifically, the Commissioner noted that the ALJ's evaluation of Plaintiff's impairments and his consideration of the treating physicians' records and opinions were flawed, as was his credibility assessment of Plaintiff. The Commissioner also determined that the ALJ's conclusion that Plaintiff could perform other work was deficient, and that the ALJ should reassess Plaintiff's credibility and residual functional capacity, obtain additional vocational expert testimony, and redetermine whether Plaintiff could perform any other work. The Commissioner concluded that the ALJ's decision was not based on substantial evidence because of the ALJ's errors.

Defendant's Responsive Brief at 2. Defendant asks that the matter be remanded for further proceedings. In reply, plaintiff maintains that the court should reverse the administrative decision and remand the matter for an award of appropriate benefits.  Accordingly the only issue before the court is what remedy is most appropriate.

## DISCUSSION

The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. <u>Swenson v. Sullivan</u>, 876 F.2d 683, 689 (9th Cir.1989) (*citing* <u>Varney v. Secretary of HHS</u>, 859 F.2d 1396, 1399 (9th Cir., 1988).  In <u>Varney</u>, the Ninth Circuit held that in cases where the record is fully developed, a remand for further proceedings is unnecessary.  <u>Varney</u>, 859 F.2d at 1401.  Remand for further proceedings is appropriate when further administrative proceedings could remedy defects.  <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 99ht Cir. 1984).

After reviewing the arguments and the issue of utility, this court finds remand for further

proceedings appropriate. As noted by plaintiff in her first assignment of error, the ALJ failed to fully or fairly develop the record. The administration should be given to opportunity to cure the ALJ's errors. Defendant suggests, and this court agrees, the matter should be assigned to a different ALJ on remand. The new ALJ will be able to objectively review the record, develop the record where needed, and evaluate each of the five-steps in the evaluation process to properly determine whether or not Ms. Harris's application for social security benefits should be granted or denied.

## CONCLUSION

Based on the foregoing, the Court should REMAND the matter for further proceedings, assigning a different administrative law judge. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 2, 2005**, as noted in the caption.

DATED this 11th day of August, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge